# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiffs, and*
*Proposed FLSA Collective*

| | |
|---|---|
| Ramon Elias Morcelo, and Michael Minaya Perez, on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiffs,<br><br>    – vs. –<br><br>Vinaio Imports Ltd., and Joan Altes,<br><br>    Defendants. | DOCKET NO. 17-cv-868<br><br>**COMPLAINT** |

Plaintiffs Ramon Elias Morcelo and Michael Minaya Perez, by and through their undersigned attorneys, for their complaint against Defendants Vinaio Imports Ltd. and Joan Altes, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs Ramon Elias Morcelo and Michael Minaya Perez allege on behalf of themselves and on behalf of other similarly situated current and former employees of Defendants Vinaio Imports Ltd. ("Vinaio") and Joan Altes, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are

entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law.

2.      Plaintiffs further complain that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iv) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.      Mr. Morcelo is an adult individual residing in Bronx, New York.

4.      Mr. Minaya is an adult individual residing in Bronx, New York.

5.      Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consent is attached hereto and incorporated by reference.

6.      Upon information and belief, Defendant Vinaio Imports Ltd. ("Vinaio") is a New York corporation with a principal place of business at 654A Tiffany Street, Bronx, New York 10474.

7.      At all relevant times, Defendant Vinaio has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.      Upon information and belief, at all relevant times, Defendant Vinaio has had gross revenues in excess of $500,000.00.

2

9.      Upon information and belief, at all relevant times herein, Defendant Vinaio has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

10.      Upon information and belief, at all relevant times, Defendant Vinaio has constituted an "enterprise" as defined in the FLSA.

11.      Upon information and belief, Defendant Joan Altes is an owner or part owner and principal of Vinaio; he has the power to hire and fire employees, set wages and schedules, and maintain their records. In fact, Mr. Altes hired Mr. Minaya.

12.      Mr. Altes was involved in the day-to-day operations of Vinaio and played an active role in managing the business.

13.      Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.      Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since February 6, 2014, to the entry of judgment

in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.     The Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendants as non-exempt workers, and were denied proper overtime premiums for hours worked beyond forty hours in a week.

18.     They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

19.     The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

20.     At all relevant times herein, Defendants owned and operated a wine distribution business in New York.

21.     Mr. Morcelo has been employed by Defendants as a driver and wine distributor from approximately August 10, 2015 until the present.

22.     Mr. Morcelo's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

23.     At all relevant times herein, Mr. Morcelo has been an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

24.    Mr. Morcelo's regular schedule is five days per week; Monday through Friday.

25.    On every work day, Mr. Morcelo starts work at 8:00 A.M. or 9:00 A.M., and ends at 9:00 P.M. or 10:00 P.M. He has no breaks during the day.

26.    As a result, Mr. Morcelo works roughly 65 hours per week, and has worked roughly 65 hours per week through each week of his employment with Defendants.

27.    Defendants do not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

28.    Mr. Morcelo was paid $650 per week when he started working for Defendants. Since January 2016, Mr. Morcelo has been earning $675 per week.

29.    Mr. Minaya has been employed by Defendants as a driver's helper from approximately March 28, 2013 until the present.

30.    Mr. Minaya's work is performed in the normal course of Defendants' business and is integrated into the business of Defendants, and does not involve executive or administrative responsibilities.

31.    At all relevant times herein, Mr. Minaya has been an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

32.    Mr. Minaya's regular schedule is five days per week.

33.    On every work day, Mr. Minaya starts work at 8:00 A.M. and ends at 10:00 P.M. He has a 20-minute break during the day.

34.    As a result, Mr. Minaya works roughly 70 hours per week, and has worked roughly 70 hours per week through each week of his employment with Defendants.

35.     Defendants do not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

36.     Mr. Minaya is paid at a rate of $550 per week.

37.     Occasionally, Mr. Minaya works on Saturdays as well, and is paid an extra $87 for working from 8:00 A.M. to 5:00 P.M.

38.     Defendants failed to pay Mr. Minaya the minimum wage as required by the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

39.     Defendants' failure to pay Mr. Minaya at the correct minimum wage rate was willful, and lacked a good faith basis.

40.     Defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

41.     Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

42.     Defendants failed to provide Plaintiffs with a wage acknowledgment notice, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

43.     Upon information and belief, throughout the period of Plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiffs (the Collective Action Members) in positions at Defendants' business that required little

skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

44.     Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Defendants have likewise failed to pay them the proper minimum wage, or overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

45.     Upon information and belief, these other individuals were not provided with required wage notices as specified in New York Labor Law §§ 195.1, and the Wage Theft Prevention Act.

46.     Upon information and belief, while Defendants employed Plaintiffs and the Collective Action members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I: Fair Labor Standards Act – Minimum Wage

47.     Mr. Minaya, on behalf of himself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

48.     At all relevant times, Defendants employed Mr. Minaya and the Collective Action Members within the meaning of the FLSA.

49.     Defendants failed to pay a salary greater than the minimum wage to Mr. Minaya and the Collective Action Members for all hours worked.

50.     As a result of Defendants' willful failure to compensate Mr. Minaya and the Collective Action Members at a rate at least equal to the federal minimum wage for each

hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

51.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

52.    Due to Defendants' FLSA violations, Mr. Minaya and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II: New York Labor Law – Minimum Wage

53.    Mr. Minaya repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54.    At all relevant times, Mr. Minaya was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55.    Defendants willfully violated the rights of Mr. Minaya by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

56.    Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

57.    Due to Defendants' New York Labor Law violations, Mr. Minaya is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest,

reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

<u>**COUNT III: Fair Labor Standards Act - Overtime**</u>

58.     Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59.     At all relevant times, Defendants have employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

60.     Defendants have a policy and practice of refusing to pay their employees the correct overtime premiums for hours they work in excess of forty hours per workweek.

61.     As a result of Defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

63.     Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV: New York Labor Law - Overtime

64.     Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

65.     At all relevant times, Plaintiff has been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.     Defendants willfully violate Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 142.

67.     Defendants' failure to pay overtime is willful, and lacks a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

68.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V: New York Labor Law – Wage Theft Prevention Act

69.     Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

70.     At all relevant times, Plaintiffs have been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71.     Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

72.    Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from Defendants statutory damages of $50 per day to the termination of their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.    Compensatory damages for failure to pay Mr. Minaya the minimum wage pursuant to the FLSA;

11

e.   Compensatory damages for failure to pay the minimum wage to Mr. Minaya pursuant to the New York Labor Law;

f.   A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

g.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h.   Liquidated damages for Defendants' New York Labor Law violations;

i.   Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

j.   Back pay;

k.   Punitive damages;

l.   An award of prejudgment and post judgment interest;

m.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.   Such other, further, and different relief as this Court deems just and proper.

Dated:  February 6, 2017

/s/ Michael Samuel
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs, and
Proposed FLSA Collective

12

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Vinaio Imports, LLCits owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Vinaio imports, LLC y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Ramon Elias Morcelo


Date: January 30, 2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Vinaio Imports, LLCits owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Vinaio imports, LLC y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Michael Minaya Perez


Date:  January 30, 2017